IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN CARLOS PADILLA<br>*Plaintiff*<br><br>V.<br><br>UNITED STATES OF AMERICA, and<br>Mark James Silva, In his Official Capacity<br>as an Employee of U.S. Department of<br>Agriculture<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-22-cv-146 |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLEJUDGE OF SAID COURT:

COMES NOW Juan Carlos Padilla, Plaintiff, complaining of the United States of America, and Mark James Silva, in his Official Capacity as an Employee of the United States Department of Agriculture Agency:

1. PARTIES

1.1 Plaintiff, Juan Carlos Padilla, at all times relevant hereto is a citizen of the United States.

1.2 Defendant, United States of America, acting through U.S. Department of Agriculture, which may be served with process in compliance with the Federal Rules of Civil Procedure 4(I) by serving a copy of the summons and complaint by certified mail, return receipt requested to:

    a.    The Civil Process Clerk at the office of U.S. Attorney for the Southern District of Texas, at 1000 Louisiana Street, Ste. 2300, Houston, Texas 77002;

___

    b.    The U.S. Attorney General, Department of Justice, 950 Pennsylvania Avenue, N.W., Room B-324, Washington, D.C. 20530-001;

    c.    The Director for the United States Department of Agriculture, Animal and Plant Health Inspection Service, Investigative and Enforcement Services, 250 Marquette Avenue, Suite 410, Minneapolis, MN 55401.

1.3    Defendant Mark James Silva is an employee and is being sued in his capacity as an employee of U.S. Department of Agriculture. Service is not requested at this time.

## 2. JURISDICTION

2.1    The court has jurisdiction over the lawsuit under 28 U.S.C. 1346(b), Federal Tort Claims Act ("FTCA"), because the suit involves a claim against the United States for property damage and personal injury caused by the negligent acts and omissions of a government employee while acting within the scope of his official employment. Specifically, this incident was caused by the negligence of Mark James Silva, a U.S. Department of Agriculture employee while he was operating a U.S. Department of Agriculture vehicle.

## 3. VENUE

3.1    Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 4. CONDITIONS PRECEDENT

4.1    Plaintiff timely presented their claim in writing to the United States of America and U.S. Department of Agriculture Agency. Further, the U.S. Department of Agriculture Agency failed to make a final disposition of the claim within six months after it was presented.

## 5. Factual Background

### The Collision

5.1     This lawsuit concerns a severe motor vehicle collision which occurred on October 22, 2020. The collision occurred between a personal automobile which was driven by the Plaintiff, Juan Carlos Padilla, and a government vehicle operated by Mark James Silva, under the authority and control of the U.S. Department of Agriculture Agency.

5.2     The vehicular collision occurred on Thursday afternoon on October 22, 2020, on the intersection of FM 1421 with FM 1732, within the city limits of San Benito, Cameron County, Texas.

5.3     Immediately prior to the collision, Mark James Silva was traveling southbound on FM 1421. At the same time, Juan Carlos Padilla, was traveling eastbound on FM1732. The incident ensued when Mark James Silva, **"Disregarded a Stop and Go Signal"** and struck Juan Carlos Padilla's' vehicle. The force of the impact dragged Juan Carlos Padilla and his vehicle southbound and off the roadway.

5.4     Trooper Brenda Salinas, of the Department of Public Safety of Texas investigated the collision and found that Mark James Silva was wholly responsible for causing the collision because he **"Disregarded a Red Light-Traffic Signal"**.

### The Injuries

5.5     Juan Carlos Padilla suffered extensive physical and emotional injuries as a result of this collision. Including, but not limited to, cervical sprains/strains and multiple disc bulges and herniations to his neck. Mr. Padilla has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. Mr.

___

Padilla continues to suffer from unbearable pain as a result of this accident. Mr. Padilla was a healthy individual prior to this collision. He is now limited in his daily activities and continues to suffer from excruciating pain since the day of the collision.

### 6. CAUSE OF ACTION AGAINST DEFENDANTS

#### NEGLIGENCE OF JUAN CARLOS PADILLA & *RESPONDEAT SUPERIOR*

6.1     Plaintiff's claims against Defendants are brought under the provisions of the Federal Tort Claims Act 28 U.S.C. §2671 et seq. Defendant, United States of America is the responsible party defendant for the actions of its employee, Mark James Silva, acting within the course and scope of his employment for the federal agency he was working for, U.S. Department of Agriculture Agency. 28 U.S.C. §2679.

6.2     Under the doctrine of *respondeat superior*, Defendant, United States of America is vicariously liable for the actions of its employee, Mark James Silva, while in the course and scope of her employment with U.S. Department of Agriculture Agency. The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant, United States of America's employee in one or more of the following particulars:

    6.2.1   In failing to maintain a clear and reasonable distance between Plaintiff's motor vehicle which would permit the Defendant's employee to bring hir motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle in violation of §545.062(a) of the Texas Transportation Code;

    6.2.2   In that Mark James Silva, failed to control his speed as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.351 of the Texas Transportation Code;

    6.2.3   In failing to keep a proper lookout for Plaintiff's safety as would have been maintained by a person of ordinary prudence under the same or similar circumstances;

      6.2.4    In placing Plaintiff in a position of peril due to Mark James Silva's, lack of due care and exercise of ordinary prudence of a person of her maturity and capacity § 545.401 of the Texas Transportation Code;

      6.2.5    In failing to exercise reasonable care to protect the safety of others who are using the roadways;

      6.2.6    In failing to take evasive action to avoid colliding with Plaintiff's vehicle; and/or

      6.2.7    In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision.

6.3    Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## 7. DAMAGES FOR JUAN CARLOS PADILLA

7.1    As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Juan Carlos Padilla sustained Severe neck, mid back, left leg, left knee, and lower back personal injuries in the form of disc bulges and herniations to his neck and back which have resulted in losses and damages recoverable by law. The neck herniations require surgical intervention to correct the continuing pain and lasting effects.

7.2    Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

    7.3    From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    7.3.1    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Juan Carlos Padilla, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

    7.3.2    Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

    7.3.3    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

    7.3.4    Mental anguish that Plaintiff has suffered from the date of the incident in question to the time of trial.

    7.4    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

    7.4.1    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

    7.4.2    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

    7.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

    7.4.4    The mental anguish that Plaintiff will suffer in the future beyond the time of trial; and

    7.4.5    Property damage.

8. P<small>RE</small>/P<small>OST</small> J<small>UDGMENT</small> I<small>NTEREST</small>

8.1 To the extent provided by law, Plaintiff further pleads for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiff pleads that if he is not allowed such pre and post judgment interest, that he would not be fully compensated, and that he would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

P<small>RAYER</small>

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Juan Carlos Padilla, requests that on final trial they have judgment against Defendants for a sum in excess of the minimum jurisdiction limits of this Court, pre-judgment and post-judgment interest to the extent the law provides for, costs of suit, and all other relief to which Plaintiff are justly entitled.

Respectfully submitted,

By: */s/ Daniel Torres*
Daniel A. Torres
State Bar No. 24046985
Federal Bar No. 573645
Javier Villarreal
State Bar No. 24028097
Federal Bar No. 30384

Of Counsel:

L<small>AW</small> O<small>FFICE OF</small> J<small>AVIER</small> V<small>ILLARREAL</small>, PLLC
2401 Wild Flower Drive, Suite A.
Brownsville, Texas 78526
Tel: 956-300-0000
Fax: 956-550-0877

_____